The
Chief Justice
delivered the opinion of the c ourt.
The action before the justice was brought for pennltiea under Une “ act to prevent the unlawful waste and destruction of timber in this state.” In answer to a rule, the justice says, a At she time of the commencement of the above action before me, I issued several other summonses, at the request of the plaintiff, lor persons whose names were contained in a list sent by him to me, and when I was about to enter the actions in my docket, immediately after delivering the summonses to the son of the plaintiff I discovered that he had taken with him the list of names from which I had caused the writs to be filled up, so that I could not enter them until the process was returned to me, after being served ; when I entered them.”
The act relative to suits instituted by common informers, which regulates the present case, for the owner sues as a com» snon informer, although entitled, as owner, to one moiety of the penalty, requires that upon every action which shall be instituted by any informer on a penal statute, a special note shall be made of the very day, month, and year, of its institution ; and that such action shall be of record from that time and not before 5 and that no manner of ante-dating thereof shall be made or allowed. The obvious intent of this clause, although not fully expressed, is, that the note should be made at the time, or on the day of the commencement of the suit. It should not be suffered to rest on the memory of the justice until a future day, whereby, in many cases, the wise provision of the act might be frustrated. It is to be made by the entry of the action on the docket of the justice ; the date in the process is not sufficient. The omission in the present case, to make, until after the return *302 of the summons, the entry required by the act, Is an error iu the proceedings before the justice, fur which the judgment should be reversed.